UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SCHOORS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SEAPORT VILLAGE OPERATING COMPANY, LLC, a Delaware Limited Liability Company; INTERNATIONAL DESSERT AND COFFEE, LLC, a California Limited Liability Company; and DOES 1-10,<br><br>　　　　　　　　Defendants. | Case No.: 16cv3089-AJB-BGS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF JURISDICTION** |

The instant matter comes before the Court on Defendant International Dessert and Coffee, LLC's ("Defendant") motion to dismiss Plaintiff Ronald Schoors's ("Plaintiff") Complaint for lack of jurisdiction. (Doc. No. 6.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument. With the issuance of this Order, Defendant's motion is **DENIED**.

**I.　FACTS ALLEGED IN THE COMPLAINT**

Plaintiff is a California resident who suffers from a range of physical disabilities that include congestive heart failure, cardiomyopathy, recurring transient ischemic attacks, and left-side weakness from two strokes, one of which has left him with brain damage. (Doc.

No. 1 ¶¶ 1, 2.) Due to his health issues, Plaintiff is significantly limited in his mobility and must use a cane to help him walk as he is unsteady on his feet, and is subject to black outs and falls. (*Id*. ¶ 3.)

In November of 2016, Plaintiff went to Defendant's brick and mortar store located at 835 W. Harbor Drive, San Diego, California (the "Store"). (*Id*. ¶¶ 6, 12.) Plaintiff alleges that due to the way the shelves and merchandise were configured in the Store, the paths of travel throughout the aisles were not accessible to Plaintiff. (*Id*. ¶ 15.) Specifically, Plaintiff contends that the route of travel in some parts of the store were less than thirty-six inches in width, with some paths of travel as narrow as twelve inches in width. (*Id*. ¶¶ 15-16.)

Based on the Store's practice of placing merchandise in the walkway, Plaintiff argues that he was denied full and equal access to the Store, and that Defendant has failed to maintain in working and usable conditions features required to provide access to persons with disabilities. (*Id*. ¶¶ 17, 21.) Furthermore, Plaintiff asserts that the failure to remove the barriers was intentional because: (1) the particular barriers are intuitive and obvious; and (2) Defendant exercised control and dominion over the conditions at this location and the lack of accessible facilities was not an "accident." (*Id*. ¶ 25.)

Therefore, Plaintiff brings his Complaint alleging a violation of the Americans with Disabilities Act of 1990 ("ADA"), and violation of the Unruh Civil Rights Act ("Unruh Act").[1] (*Id.* ¶¶ 26-35.) Plaintiff requests injunctive relief, damages under the Unruh Act, reasonable attorneys fees, and costs of suit. (*Id*. at 7-8.)

Plaintiff instituted this action on December 25, 2016. (Doc. No. 1.) On March 20, 2017, Defendant filed the present motion, its motion to dismiss Plaintiff's state-law causes

---

[1] The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities . . . of any place of public accommodation by any person who owns, leases [], or operates a place of public accommodation." 42 U.S.C. § 12182(a). The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b).

of action for lack of jurisdiction. (Doc. No. 6.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). In civil cases, federal courts have subject matter jurisdiction over only those cases where either diversity jurisdiction or federal question jurisdiction exist. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068–69 (9th Cir. 2005).

The supplemental jurisdiction statute, 28 U.S.C. § 1367, grants federal courts supplemental jurisdiction over claims over which no original jurisdiction exists. Specifically, § 1367(a) grants supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id*. The Supreme Court has illustrated that federal courts have supplemental jurisdiction over a state law claim where the state claim and the federal claim "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1997).

The Ninth Circuit mandates the exercise of supplemental jurisdiction unless it is prohibited by section 1367(b), or unless one of the exceptions in section 1367(c) applies. *See Irwin v. Mascott*, 96 F. Supp. 2d 968, 974–75 (N.D. Cal. 1999). Thus, "unless a court properly invokes a § 1367(c) category in exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted." *Id*. at 975.

## III. DISCUSSION

Defendant argues that pursuant to 28 U.S.C. 1367(c), there exists several reasons for this Court to decline to take supplemental jurisdiction over Plaintiff's Unruh Act claim.

(Doc. No. 6-1 at 6.) Plaintiff argues that as both of his causes of action involve identical facts, witnesses, evidence, and discovery, that there is no basis for this Court to decline supplemental jurisdiction over his state law claims. (Doc. No. 8 at 5.)

Under 28 U.S.C. 1367(c), a federal district court may decline supplemental jurisdiction over state law claims if any one of the following four grounds exist:

> (1) the claim raises a novel or complex issue of State law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). However, though courts may decline to exercise supplemental jurisdiction over state law claims triggered by the presence of one of the conditions above, it is informed by the Supreme Court in *United Mine Workers of Am.*, 383 U.S. at 726 that "judicial economy, convenience and fairness to litigants" should be taken into consideration. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (noting that a court should be informed by values of "economy, convenience, fairness and comity").

Defendant argues that three of the four grounds under § 1367(c) exist in this case. The Court will take each of the grounds in turn.

A. <u>Plaintiff's Claim Does Not Raise a Novel or Complex Issue of State Law</u>

Defendant first contends that Plaintiff's claim raises novel and complex issues of state law due to the recently passed Senate Bill 1186 ("SB 1186") and its new procedural requirements for filing disability discrimination lawsuits. (Doc. No. 6-1 at 7.) Specifically, Defendant asserts that California Code of Civil Procedure Section 425.50 enacted under SB 1186 requires Plaintiff to verify his Complaint and specify the exact date of his visits; requirements which Defendant alleges Plaintiff has failed to meet. (*Id.* at 8-9.) In

opposition, Plaintiff argues that none of the procedural requirements outlined by Defendant apply in federal court. (Doc. No. 8 at 7.)

Having reviewed the pleadings, both parties' briefs, and the controlling legal authority, the Court does not agree with Defendant. Particular to Defendant's argument is that the district court's inability to apply state court procedures specifically intended to apply to Plaintiff's state law claims provides a compelling reason to deny supplemental jurisdiction. (Doc. No. 6-1 at 9-10.) However, Defendant does not cite to any cases to support the foregoing proposition, cite to a split of state court authority, or argue that the statute is ambiguous. *See Anglin v. Bakersfield Prosthetics & Orthotics Center Inc.*, No. 2:13-cv-01847-JAM-CKD, 2013 WL 6858444, at *6 (E.D. Cal. Dec. 30, 2013) ("Generally, a district court will decline jurisdiction under 1367(c)(1) only if faced with an ambiguous state law, which has created . . . a 'split' in state court interpretations.").

Moreover, Defendant's contention that the California courts have not been granted the opportunity to decide the substantive impact of a failure to provide the required information under the new amendments is irrelevant to the matter at hand as it is well-settled that federal law preempts state law requirements in this matter.[2] *See O'Campo v. Chico Mall, LP*, 758 F. Supp. 2d 976, 984–85 (E.D. Cal. 2010) (holding that the state law requirements were not provided for under the ADA and thus the Act is "preempted to the extent it applies to plaintiff's ADA claim"); *Oliver v. Hot Topic, Inc.*, No. 10cv1111 BEN (AJB), 2010 WL 4261473, at *1 (S.D. Cal. July 27, 2010) (denying defendants' request for a stay of the case and an early evaluation conference pursuant to California Civil Code § 55.54(d) because "federal courts sitting in diversity apply state substantive law and federal

---

[2] Defendant asserts that it does not argue against the fact that state pleading standards do not apply in federal court. (Doc. No. 6-1 at 9.) Instead, Defendant contends that the district court's inability to apply state court procedures meant to apply to these specific types of claims would effectively override the California legislature's intent and promote forum shopping. (*Id*. at 10.) However, as discussed *infra* p. 8, forum shopping is not a persuasive argument. Moreover, the Court finds Defendant's contention circular as it argues that state pleading standards to not apply in federal court, but continues to argue for the application of state court procedures in the instant matter so as to satisfy the California legislature's specific intent.

5

16cv3089-AJB-BGS

procedural law"). Accordingly, the Court does not find that Plaintiff's claim raises novel or complex issues of state law.

### B. Plaintiff's Unruh Act Claim Does Not Predominate his ADA Claim

Defendant contends that courts in this district have held that statutory damages available under the Unruh Act substantially predominate over the injunctive relief available under the ADA when a plaintiff seeks substantial money damages for Unruh Act claims along with federal ADA claims. (Doc. No. 6-1 at 11.) Plaintiff retorts that the fact that the Unruh Act provides for an additional remedy does not rise to the level of substantial predominance. (Doc. No. 8 at 8.)

The Supreme Court has indicated that state law claims can "substantially predominate [] in terms of proof, of scope of issues raised, or of comprehensiveness of remedy sought." *United Mine Workers of Am.*, 383 U.S. at 726. The Court notes that Ninth Circuit District Court's opinions as to this issue conflict. *Compare Jankey v. Beach Hut*, No. CV 05-38565 VW (JTLx), 2005 WL 5517235, at *5 (C.D. Cal. Dec. 8, 2005) (stating that state law claims substantially predominated over a federal ADA claim where the plaintiff sued under the ADA, Disabled Persons Act, Unruh Act, and California Health and Safety Code), *and Org. for the Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1130–31 (S.D. Cal. 2005) (same), *with Delgado v. Orchard Supply Hardware Corp.*, 826 F. Supp. 2d 1208, 1221 (E.D. Cal. 2011) (holding that state law claims did *not* substantially predominate over the federal ADA claim where the plaintiff sued under the ADA and several state law claims), *and Moore v. Anaya*, No. 1:12-cv-00009-AWI-MJS, 2012 WL 1657205, at *2 (E.D. Cal. May 10, 2012) (same).

In coming to its conclusion in the present matter, the Court finds the analysis in *Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091 (C.D. Cal. 2011) to be instructive. In *Kohler*, a physically disabled consumer brought an action against a restaurant owner asserting a claim under the ADA and the Unruh Act. *Id.* at 1092. In conducting its § 1367 analysis, the court held that the proof for plaintiff's claims under federal and state law were identical. *Id.* at 1096. The court also noted that it was relevant that the state-law claims offered more

comprehensive remedies. *Id*. However, despite this, the court still concluded that the state-law claims did not *substantially* predominate the litigation. *Id*. Moreover, the court highlighted that even if the state-law claims did predominate, that the court would still not decline to exercise supplemental jurisdiction based on the considerations of economy and fairness. *Id*.

Similar to *Kohler*, the Court finds that Plaintiff's state-law claim does not substantially dominate his federal ADA claim as they both involve identical alleged facts, witnesses, and evidence. Moreover, as noted by the court in *Johnson v. United Rentals Northwest, Inc.*, No. 2:11-CV-002040JAM-EFB, 2011 WL 2746110, at *4 (E.D. Cal. July 13, 2011), if the Court were to accept Defendant's contention that the statutory damages available to Plaintiff under the Unruh Act are more wide-ranging than the injunctive relief available under the ADA, it "would effectively preclude a district court from ever asserting supplemental jurisdiction over a state law claim under the Unruh Act [in an ADA case]."

Furthermore, the Court notes that it does not disagree with the fact that Plaintiff's statutory damages under the Unruh Act may be greater than the relief provided by his federal claim. However, the Court will not decline to exercise supplemental jurisdiction over Plaintiff's state law claim solely on this basis. As the Ninth Circuit has made clear, the § 1367(c) inquiry "is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri*, 114 F.3d at 1001. Based on this, it is clearly more convenient and economical for Plaintiff's ADA claim and Unruh Act state law claim to be litigated in one suit. *See O'Campo*, 758 F. Supp. 2d at 985 ("In this case, the federal and state claims turn on virtually identical facts and similar theories of liability. It appears to the court to be an inappropriate use of judicial resources to have the federal courts and the state courts simultaneously resolve cases with virtually identical facts."); *see also City of Chicago*, 522 U.S. at 173 (finding that the district court decided that the interest of judicial economy, convenience, fairness, and comity were best served by exercising jurisdiction over the state law claims). Accordingly, the Court will not decline to exercise supplemental jurisdiction on this basis.

### C. There Exist No Other Compelling Reasons to Decline Supplemental Jurisdiction

Defendant asserts that two compelling reasons exist to decline supplemental jurisdiction: (1) Plaintiff's attempt to circumvent the California legislature's effort to curb abuse of its unique remedies; and (2) Plaintiff's forum shopping increases judicial and party litigation expenses. (Doc. No. 6-1 at 11-14.)

The Court rejects both of Defendant's arguments. First, there is no reason why Plaintiff should have to file his claims in state court, despite Defendant's contentions that Plaintiff is seeking to utilize the more lenient federal pleading standards. *See Chavez v. Suzuki*, No. 05cv1569 BTM (BLM), 2005 WL 3477848, at *2 (S.D. Cal. Nov. 30, 2005) (holding that "there is nothing wrong with [p]laintiff choosing to file suit in federal court because he believes it is more favorable to him"). Second, forum shopping does not constitute a "compelling reason" for declining jurisdiction. *See id.* (noting that forum shopping is "commonplace among plaintiffs and removing defendants alike and is not an 'exceptional' circumstance giving rise to compelling reasons for declining jurisdiction"); *see also Kohler*, 794 F. Supp. 2d at 1096 (finding that forum shopping is customary in disability right violation suits).

Moreover, the Court disagrees with Defendant's argument that forum shopping increases judicial and party litigation expenses. Instead, the Court finds the opposite and concludes that declining supplemental jurisdiction in the present matter would be an unnecessary expenditure of the Plaintiff, Defendants, and the state and federal courts' resources. Accordingly, the Court finds no compelling reasons to decline to exercise supplemental jurisdiction.

Accordingly, as Defendant has failed to successfully argue any one of the four grounds under 28 U.S.C. § 1367(c), the Court will exercise supplemental jurisdiction over Plaintiff's state law Unruh Act claim.

///

///

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion to dismiss Plaintiff's state law claims for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated: May 5, 2017

Hon. Anthony J. Battaglia
United States District Judge